IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS P. RUED,                              No.  CIV.S-06-0782 FCD DAD PS
REBECCA ANN RUED,

            Plaintiffs,

      v.                                      ORDER

INTERNAL REVENUE SERVICE,

            Defendant.
_____/

        This matter came before the court on September 15, 2006, for hearing on defendant's motion to dismiss and a status (pretrial scheduling) conference.  Plaintiffs, proceeding pro se, appeared on their own behalf.  Goud P. Maragani appeared on behalf of defendant United States (erroneously sued as "Internal Revenue Service").

        Plaintiffs initiated this action against defendant by filing their one-page complaint on April 12, 2006.  The complaint concerns the Internal Revenue Service's "assessment of a trust fund recovery penalty" which, according to the brief complaint, was
/////

1

assessed outside the applicable limitations period.  The prayer of the complaint asks that the penalty be vacated.

Although it does not specify the precise Federal Rule of Civil Procedure it is brought under, defendant's motion appears to seek dismissal of plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) due to insufficiency of service of process. The return of service on file with the court indicates that personal service was effected as follows: "Internal Revenue Service, by serving Mary Stokes, Legal Department, authorized to accept service, 4330 Watt Avenue, Sacramento CA 95821."  (Doc. no. 6.)  Of course, delivering a copy of the summons and complaint in this fashion does not meet all of the various requirements of Federal Rule of Civil Procedure 4(i), the Rule governing service of process on the United States, its agencies, corporations, officers and employees.  See Fed. R. Civ. P. 4(i).  Specifically, according to Rule 4(i)(1), service upon the United States shall be effected:

(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy

2

> of the summons and of the complaint by registered
> or certified mail to the officer or agency.

Fed. R. Civ. P. 4(i).  The attempted service of process in this case does not meet these requirements.[1]

The court also notes that more than 120 days have passed since the filing of plaintiffs' complaint.  <u>See</u> Fed. R. Civ. P. 4(m)("If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time[.]").

However, as discussed at the hearing, plaintiffs having shown good cause for the failure to timely effect service of process, the court is required to extend the time for service for an appropriate period.  <u>See</u> <u>id</u>. ("if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period").  Specifically, considering plaintiffs' pro se status and their initial good faith, though technically deficient, attempt to complete service of process in a timely fashion, the court finds good cause for extending the time for service of process thirty (30) days.

---

[1] Due to the brief nature of plaintiffs' complaint, it is unclear to the court whether plaintiffs are "attacking the validity of an order of an officer or agency of the United States not made a party" such that Fed. R. Civ. P. 4(i)(1)(C) would apply.  Therefore, out of an abundance of caution, plaintiffs may desire to comply with paragraphs (A), (B) and (C) of Fed. R. Civ. P. 4(i)(1).

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendant's motion to dismiss for insufficient service of process is granted;

2.  Plaintiffs' attempted service of process, proof of which was filed on July 24, 2006 (Doc. no. 6), is quashed;

3.  Plaintiffs shall properly complete service of process on defendant United States with thirty (30) days of the date of the September 15, 2006, hearing; and

4.  The status (pretrial scheduling) conference is continued to **December 15, 2006,** at **10:00 a.m.**

DATED: September 15, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.prose\rued0782.oah.091506