IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS P. RUED and REBECCA ANN RUED,

Plaintiffs,

No. CIV S-06-0782 FCD DAD PS

v.

FINDINGS AND RECOMMENDATIONS

INTERNAL REVENUE SERVICE,

Defendant.

_______________________________/

This matter came before the court on February 16, 2007, for hearing on defendant's motion for summary judgment in its favor with respect to the claims brought by plaintiff Douglas P. Rued. No appearance was made by or on behalf of plaintiff Douglas Rued. Goud P. Maragani appeared telephonically on behalf of defendant United States (erroneously sued as "Internal Revenue Service").

This matter previously came before the court on January 12, 2007, for hearing on defendant's motion for summary judgment with respect to the claims of plaintiff Douglas P. Rued and defendant's motion to dismiss the claims of plaintiff Rebecca Rued. Neither plaintiff had filed written opposition to defendant's motions. At the hearing, plaintiff Rebecca Rued stated on the record that she had no opposition to the motion seeking dismissal of the action as to her. In light of plaintiff Rebecca Rued's verbal statement of non-opposition at the hearing and

good cause appearing, the undersigned has recommended that defendant's motion to dismiss the claims of Rebecca Rued be granted.

At the January 12, 2007 hearing, plaintiff Douglas Rued requested an extension of time to file written opposition to defendant's motion for summary judgment. In light of plaintiff's pro per status, the request was granted. Hearing on the motion was continued to February 16, 2007. Plaintiff was ordered to file and serve his opposition by overnight delivery by February 2, 2007. He was cautioned that no further extension of time will be granted for the filing of opposition to defendant's motion.

Plaintiffs Douglas Rued and Rebecca Rued, both proceeding pro se, initiated this action against defendant by filing a one-page complaint on April 12, 2006. The complaint concerns the Internal Revenue Service's "assessment of a trust fund recovery penalty" that, according to the brief complaint, was assessed beyond the applicable limitations period. The prayer of the complaint asks that the penalty be vacated.

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Owen v. Local No. 169, 971 F.2d 347, 355 (9th Cir. 1992).

> The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Celotex Corp., 477 U.S. at 323. Indeed, summary judgment should be entered, after adequate time for discovery and

upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir. 1979). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

Having considered all written materials submitted in connection with defendant's motion for summary judgment and for the reasons argued in defendant's motion, the undersigned finds that the penalty assessment action taken by the Internal Revenue Service was timely. See 26 U.S.C § 6501(a) and (b). Defendant has met its initial responsibility, and the burden shifts to plaintiff Douglas Rued to establish that a genuine issue as to any material fact actually does exist. Plaintiff Douglas Rued has failed twice to file written opposition to defendant's motion for summary judgment. Plaintiff's complete failure of proof concerning the allegations of his

complaint entitles defendant to judgment in its favor on the claims brought by plaintiff Douglas Rued.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment in its favor with regard to the claims brought by plaintiff Douglas P. Rued be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, either party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 16, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
ddad1\orders.prose\rued0782.oahf&r